IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MYLES, ET AL., | * |
| Plaintiffs, | * |
| v. | * |
|  | *   Civil No. 24-1710-BAH |
| THOMPSON, ET AL., | * |
| Defendants. | * |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Youn-Faa Oliver Myles ("Myles" or "Plaintiff") and Charles Alvah Smith ("Smith") (collectively "Plaintiffs") brought suit against Paul Thompson ("Thompson"), William Hammond ("Hammond"), and Clarence Lam ("Lam") (collectively "Defendants") alleging that his Maryland property/residence ("Glenwood Property") is not subject to taxation by the government as a result of its alleged status as "allodial" property.[1] ECF 8 (amended complaint).[2] Pending before the

---

[1] Allodial title "creates absolute ownership in the title holder, free and clear of any lien, mortgage, rent, service, property tax obligation, or other encumbrance." *United States v. Miljus*, No. 06-cv-1832, 2007 WL 4287608, at *3 (D. Or. Dec. 3, 2007).

[2] Myles filed his initial complaint on June 13, 2024. ECF 1. Myles then filed an amended complaint on July 18, 2024, which added Smith as a co-plaintiff. ECF 8. While an amended complaint typically supersedes a prior complaint, Plaintiffs indicate in their response in opposition to Defendants' motions to dismiss that the amended complaint "was purposed to add an additional plaintiff, and supplement information onto the first document that cites both claim #1 and claim #2, which are the [two] subject matters." ECF 26, at 1. Plaintiffs also state that the amended complaint is "to be treated as a 'codicil' for the original claim document in [] light of the above rule." *Id.* Plaintiffs cite Rule 15 of the Federal Rules of Civil Procedure and Maryland Local Rule 2-341, and title the page "Court's Leave Requested." *Id.* The Court notes that this document was filed as an exhibit in Plaintiffs' response to the motions to dismiss, rather than correctly filed with the amended complaint. However, in light of the liberal construction afforded to *pro se* plaintiffs, the Court will consider both the initial complaint, ECF 1, and the amended complaint, ECF 8, in

Court are three Motions to Dismiss, one filed by each Defendant. *See* ECF 19 (Thompson motion to dismiss), ECF 20 (Lam motion to dismiss), ECF 24 (Hammond motion to dismiss). Plaintiffs filed an opposition, ECF 26, and Lam filed a reply, ECF 27.[3] All filings include memoranda of law and exhibits.[4] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendants' Motions to Dismiss, ECFs 19, 20, and 24, are **GRANTED**.

I.    **BACKGROUND**

Plaintiffs, who are both residents of Maryland,[5] filed this action against Defendants Thompson, Lam, and Hammond. Plaintiffs contend that they are not subject to property taxes based on the Glenwood Property's alleged allodial property class.[6] ECF 1, at 7. Plaintiffs purport to sue Defendant Thompson for allegedly "plac[ing] [Myles's] home/property up for tax sale." *Id.* Plaintiffs also assert that Defendant Lam's[7] office "has not responded to [their] request for

---

resolving the motions to dismiss. The Court also notes that Defendants appear to rely on both complaints in establishing the underlying facts and background information in this case.

[3] Plaintiffs also filed a document titled "Motion to Dismiss Rebutted," ECF 29, on September 30, 2024. This document appears to be the same document that Plaintiffs filed as their response in opposition to Defendants' motions to dismiss (ECF 26).

[4] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[5] Myles resides at 3855 Route 97, Glenwood, Maryland, 217387, ECF 1, at 2, and Smith resides at 1213 Dulaney Valley Road, Towson, Maryland, 21286. ECF 8-1, at 1.

[6] As described in prior cases, the "mention of allodial land title refers to a type of claim advanced by litigants who believe that the concept of allodial title can be used 'to prevent foreclosure, the taking of property by eminent domain, or the acquiring of property by tax sale deeds.'" *Davis-Bey v. Bellefontaine Neighbors Police Dep't,* No. 4-cv-213, 2020 WL 6196388, at *5 n. 7 (E.D. Mo. Oct. 21, 2020) (citing *Chermak v. Carter*, No. 14-cv-3072, 2014 WL 6815797, at *7 (W.D. Ark. Dec. 2, 2014)).

[7] Defendant Lam is a Maryland State Senator. ECF 20-1, at 5.

assistance to 'enforce' the already established state position on allodial property." *Id.* The claim against Defendant Hammond[8] is unclear, but Plaintiffs appear to assert that Hammond attempts to "justify property taxation." *Id.*

Plaintiffs are allegedly part of the "Maryland Assembly." ECF 8-1, at 1. According to Plaintiffs, the "Maryland Assembly" is a "collective of Living people of the Land Jurisdiction of the Common Law and 'the inhabitants of Maryland per Maryland Constitution / Declaration of Rights'" made up of "the 'posterity' of the original owners of Maryland ('We The People') as to own Maryland Lands." *Id.* (capitalization in original). Plaintiffs allege that the "State Government cannot 'inhabit' Maryland as from the 'Water Jurisdiction' nor wear the Lord Proprietor's shoes." *Id.* Plaintiffs also indicate that, "the People of the Land Jurisdiction of this State have the sole and exclusive right of regulating the internal government and police." *Id.*

With respect to the Glenwood Property, Plaintiffs allege that "[t]he Howard County Administrative/Executive government placed [Myles's] home/property up for tax sale despite the property's deed class being 'allodial' and the exclusive Maryland Constitution authority that the Maryland legislature set specific property class/subclass tax-rates." ECF 1, at 7. Plaintiffs also maintain that the "Maryland State Assessment and Taxation database record shows [Myles's] property class as 'allodial,' the Maryland Legislature has specified 'no tax-rate' for allodial type/class property; start date: 12/27/2022." *Id.* Plaintiffs further contend that the "Glenwood Property . . . is to be continually associated with the Maryland Assembly to evidence Lordship and allodial title continuance via the Myles Family and by consent thereof." ECF 8-1, at 1.

---

[8] Defendant Hammond is an attorney with the Maryland Office of the Attorney General and counsel for the State Department of Assessments and Taxation. ECF 24-1, at 1.

In short, based on the Court's understanding of Plaintiffs' complaint, Plaintiffs believe that the Glenwood Property is held "in full or allodial title" and therefore not subject to property taxes.[9] ECF 1, at 7; ECF 8-1, at 1. Plaintiffs seek a refund of the money Myles allegedly paid for a "tax sale payoff/prevention," "compensation of [his] lawyer time,"[10] and an injunction requiring Howard County to respect Plaintiffs' alleged allodial title. ECF 1, at 8. Plaintiffs also request that the "Maryland Comptroller [] be made aware of the stance and status of the Maryland Assembly and [] perform office's work accordingly." ECF 8-1, at 1.

## II.   LEGAL STANDARD

### A.   12(b)(1)

Federal courts are courts of limited jurisdiction, and the plaintiff bears the burden of demonstrating that this Court has the authority to hear the case. *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). Moreover, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

In deciding whether a complaint alleges facts sufficient to support subject matter jurisdiction, the Court assumes the truthfulness of the facts alleged. *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). And the Court liberally construes pleadings by *pro se* plaintiffs.

---

[9] It is not clear from the complaint whether Smith is making a similar claim about his property in Towson, Maryland. Smith states the following in describing his role in the case: "I am a co-trustee (with co-trustee claimant/Plaintiff) for the Maryland Assembly with the fiduciary role of being a point of contact for this assembly, and for distribution of information to members of the Maryland Assembly." ECF 8-1, at 1.

[10] Both Myles and Smith are proceeding *pro se*. However, Myles asserts that he is an attorney. ECF 5. Myles is not listed as a licensed attorney in the State of Maryland; *see* Attorney Search Maryland Courts (state.md.us).

4

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That said, "a pro se plaintiff must still prove that subject-matter jurisdiction exists." *Adams v. Royal Park Nursing & Rehab.*, No. 20-cv-634, 2021 WL 4462914, at *3 (W.D.N.C. Sept. 29, 2021).  "Motions to dismiss for lack of subject matter jurisdiction are properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

### B. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted."  In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

5

This Court is also required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson*, 551 U.S. at 94; *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (finding district courts are not required "to conjure up questions never squarely presented to them").

### III.   ANALYSIS

The Court finds that it does not have subject matter jurisdiction to consider Plaintiffs' claims. However, even if this Court had subject matter jurisdiction, Plaintiffs fail to state a claim upon which relief can be granted. The Court will address both dismissal arguments below.

#### A.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case can be filed in a federal district court only if there is federal-question jurisdiction under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

Under federal-question jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule requires that federal-question jurisdiction be evident from the face of a plaintiff's properly pleaded complaint. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Dismissal for want of jurisdiction is only appropriate where the

allegations supporting jurisdiction are "wholly unsubstantial or frivolous." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Plaintiffs assert that this Court has jurisdiction under both § 1331 and §1332(a). ECF 1, at 4. Plaintiffs list the following statutes as the basis for federal-question jurisdiction: 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 1983, 42 U.S.C. §1953, and 42 U.S.C. §1986. *Id.* However, in the factual recitation in both the original and amended complaints, Plaintiffs fail to provide any explanation as to how any of these statutes apply to the facts of a case centering on property taxes and the status of property title. ECF 1, at 7; ECF 8-1, at 1; *see also Woodly v. Balt. Gas & Elec.*, Civ. No. JKB-24-1813, 2024 WL 3687678, at *2 (D. Md. Aug. 5, 2024) ("[A] plaintiff cannot establish subject matter jurisdiction simply by citing to a federal statute.").

As an initial matter, 42 U.S.C. §1953 has been repealed and thus cannot provide a cause of action. *See* 42 U.S.C. § 1951 to 1958 (repealed 1971). Additionally, 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law) are federal criminal statutes that do not create a private right of action. *See McKenzie-El v. Internal Revenue Serv.*, Civ. No. ELH-19-1956, 2020 WL 902546, at *15 (D. Md. Feb. 24, 2020) ("The sections of Title 18 cited by plaintiff [18 U.S.C. §§ 241 and 242] do not create a private right of action. Nor do they unambiguously provide plaintiff with either a private right or remedy."); *Dingle v. Baggett*, No. 19-cv-34, 2019 WL 3194834, at *3 (E.D.N.C. July 12, 2019) ("[N]either 18 U.S.C. § 241 nor 18 U.S.C. § 242 creates a private right of action."); *Turner v. Beal*, No. 18-cv-100, 2018 WL 10156104, at *2 (E.D. Va. Oct. 12, 2018) ("Although Plaintiff refers to three federal statutes, 18 U.S.C. § 242, 18 U.S.C. § 245, and 18 U.S.C. § 249, in an apparent attempt to justify the Court's exercise of federal question jurisdiction in this matter, these statutes are criminal statutes that do

not provide for private causes of action."), *aff'd*, 748 F. App'x 565 (4th Cir. 2019).[11] Moreover, Plaintiffs' invocation of 42 U.S.C. § 1986 (conspiracy to interfere with civil rights) also cannot provide a basis for federal-question jurisdiction. The Fourth Circuit has ruled that a "cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985." *Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Because Plaintiffs neither purport to bring a claim under § 1985 (conspiracy to interfere with civil rights) nor put forth any facts that plausibly allege a claim under § 1985, § 1986 cannot provide a basis for federal-question jurisdiction. *See Love v. Hogan*, No. 21-cv-02029-JRR, 2022 WL 3369288, at *10 (D. Md. Aug. 15, 2022) (dismissing § 1986 claim where plaintiff failed to "allege any facts pertaining to a meeting of the minds between two or more Defendants" and thus neglected to state a claim under § 1985).

Plaintiffs also list § 1983 as a cause of action. ECF 1, at 4. Plaintiffs' fundamental allegation is that the Glenwood Property is not subject to government taxation due to its "allodial" status. ECF 1, at 7. However, even taking the facts as true and in the light most favorable to Plaintiffs, there are no facts from which the Court can infer a constitutional violation or violation of federal law has occurred, which is a necessary element of a § 1983 claim.[12] Plaintiffs assert that the "Maryland State Assessment and Taxation database record shows [the] property class as 'allodial.'" ECF 1, at 7. However, "courts that have considered claims of proponents of allodial titles and land patents that believe they have superior title to any other claim over real property

---

[11] The Court notes that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Ras-Selah: 7 Tafari: El v. Glasser and Glasser PLC*, 434 F. App'x 236, 236 (4th Cir. 2011) (per curiam) ("A private person may not initiate a criminal action in the federal courts.")

[12] To prevail under Section 1983, Plaintiff must prove that the charged state actor (1) deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of state law as outlined in the statute. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).

and can prevent seizure of property for delinquent taxes have rejected them, with most courts deeming the claims frivolous." *Nasi El for Collins v. South Carolina*, Civ. No. 22-506, 2022 WL 2835752, at *7 (D.S.C. June 17, 2022) (citing *Flores v. Wells Fargo Bank, N.A.*, No. 12-c-191, 2013 WL 1192767, at *2 (E.D. Wis. Mar 22, 2013)).  Moreover, "[i]t does not appear [] that any American state or federal court has ever acknowledged allodial ownership of any property other than by the United States itself." *Miljus*, 2007 WL 4287608, at *3 (citation omitted); *see also Flores*, 2013 WL 1192767, at *2 (acknowledging that courts "uniformly reject[]" "[c]laims involving allodial title and land patents [that] are occasionally advanced by property owners who believe that they can use these devices to prevent foreclosure").  Accordingly, Plaintiffs' assertions regarding their alleged allodial title fail to establish a viable legal claim, let alone a constitutional violation.  As such, Plaintiffs cannot maintain federal question jurisdiction through § 1983.  *See PEM Entities LLC v. Cnty. of Franklin*, 57 F.4th 178, 184 (4th Cir. 2023) (explaining that "when a claim asserted under federal law is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy'" the complaint is properly dismissed for lack of jurisdiction) (brackets in original) (citation omitted).

In the amended complaint, Plaintiffs also include a list of definitions and quotes from constitutional provisions and cases. ECF 8-1, at 2.  However, Plaintiffs fail to connect any of their factual assertions to this list.  For instance, Plaintiffs reference Article 6, Clause 2 (the Supremacy Clause).  *Id.*  However, the Supremacy Clause does not create an independent private right of action. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–35 (2015); *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 107 (1989) (stating that the Supremacy Clause "is not a source of any federal rights; it secure[s] federal rights by according them priority whenever they

9

come in conflict with state law") (citation and internal quotation marks omitted). Additionally, Plaintiffs' invocation of a federal statute or constitutional right is insufficient to confer federal court subject matter jurisdiction. *See, e.g., Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 154 (4th Cir. 1994) (holding that the plaintiff's mere reference to federal statutes in state common law negligence action did not support federal subject matter jurisdiction); *Wilson v. GMAC Mortg., LLC*, No. 14-cv-01615, 2015 WL 5244967, at *4 (D.S.C. Sept. 8, 2015) ("[T]he Plaintiff's mere invocation of a federal statute, or a constitutional right, is insufficient to confer federal court subject matter jurisdiction."). Similarly, Plaintiffs cite excerpts from various cases, but it is unclear how these excerpts relate to the underlying factual assertions. Accordingly, the Court finds no basis for federal-question jurisdiction.[13] *See Bey v. Bearing Contracting, LLC*, No. 17-cv-651, 2018 WL 284988, at *2 (E.D. Va. Jan. 3, 2018) (finding no basis for federal question jurisdiction where plaintiff "inscrutably lists various sources of law but fails to provide any indication as to how these provisions apply in this case").

Plaintiffs also allege subject matter jurisdiction based on diversity of citizenship. ECF 1, at 4. Under diversity jurisdiction, a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2012) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

---

[13] In Plaintiffs' response to the motions to dismiss, Plaintiffs state that the "[t]he federal question(s) centers on: 'Who' owns Maryland?" ECF 26, at 1. This question, and the analysis that follows, do not explain how the action "arises under" federal law, which is the only relevant inquiry under 28 U.S.C. § 1331.

Myles asserts that he is a citizen of "the United States of America (Land Jurisdiction)." ECF 1, at 4. It is clear from the complaint and amended complaint that Myles resides at 3855 Route 97, Glenwood, Maryland, 217387, ECF 1, at 2, and Smith resides at 1213 Dulaney Valley Road, Towson, Maryland, 21286.[14] ECF 8-1, at 1. Plaintiffs also allege that Thompson is based in Maryland. ECF 1, at 5 (indicating Thompson is incorporated under the laws of the State of Maryland). On the following page, Plaintiffs assert that "all of the above [Thompson, Hammond, and Lam] are officers of the Howard County Executive Government, the State Judicial Branch of Maryland Government, the State Legislative Branch of Maryland Government, respectively, with place of business in Maryland." *Id.* at 6. Thus, the facts in the complaint indicate that Plaintiffs and Defendants are all residents of Maryland. Plaintiffs have therefore failed to establish jurisdiction through diversity of citizenship.

Plaintiffs may also be attempting to allege state law claims under the Maryland Constitution and Declaration of Rights. ECF 8-1, at 1. However, as Plaintiffs fail to state any federal claim, only the state law claims would remain, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. § 1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a civil action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, as previously established, Plaintiffs

---

[14] Plaintiffs repeatedly invoke "Land and Water jurisdiction" throughout the complaint. To the extent Plaintiffs are claiming diversity of citizenship based on these grounds or diversity of citizenship based on their alleged membership in the Maryland Assembly, the Court rejects these theories of diversity. Plaintiffs list their Maryland addresses and have not presented anything to overcome the fact that they are Maryland citizens for purposes of diversity jurisdiction. *See, e.g., Bendeck v. Workman*, No. 17-cv-00180, 2017 WL 1758079 (D. Haw. May 4, 2017) (rejecting argument of "sovereign citizen" plaintiff that she was not a citizen of Hawaii or the United States where she conceded she lived in Hawaii).

have not alleged complete diversity of the parties. All parties appear to be Maryland citizens. Thus, complete diversity is lacking, and Plaintiffs may not bring claims pursuant to § 1332. As Plaintiffs have asserted no valid federal claim and there is no diversity jurisdiction, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). Ultimately, the Court concludes it does not possess subject matter jurisdiction over Plaintiffs' claims, thus the action must be dismissed.

### B.   Failure to State a Claim

Even if Plaintiffs could establish subject matter jurisdiction, this action is similarly subject to summary dismissal because Plaintiffs fail to state a cognizable claim against Defendants. For the reasons stated above, Plaintiffs have failed to identify any viable cause of action. ECF 1, at 4. The causes of action Plaintiffs list have either been repealed, are federal criminal statutes that provide no private right of action, or fail due to the lack of any facts from which the Court could infer a conspiracy (§ 1986) or a constitutional violation (§ 1983). Moreover, the assertions in Plaintiffs' complaint rest on a claim—namely that the Glenwood Property contains an allodial title—that courts have routinely dismissed as frivolous. *See, e.g., Flores*, 2013 WL 1192767, at *2; *Miljus*, 2007 WL 4287608, at *1; *Britt v. Fed. Land Bank*, 505 N.E.2d 387 (Ill. Ct. App. 1987). Stated differently, "the concept of allodial title to land . . . is an archaic concept not recognized in modern United States law." *Miljus*, 2007 WL 4287608, at *1. Accordingly, the complaints, taken

together and in the light most favorable to Plaintiffs, fail to allege facts that state a plausible claim for relief, and therefore the case must be dismissed.[15]  *Iqbal*, 556 U.S. at 678.

The Court will dismiss the amended complaint with prejudice. Generally, when a plaintiff has not been afforded an opportunity to amend the complaint, dismissal should be without prejudice. *See Glover v. Loan Science, LLC*, No. 19-cv-1880-PWG, 2020 WL 3960623, at *3 (D. Md. July 13, 2020) (citing *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x. 899, 900 (4th Cir. 2013)). By contrast, where the plaintiff has been given ample opportunity to cure the pleading deficiencies, dismissal may be with prejudice. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Further, where claims suffer from legal defects which render them unamendable, dismissal with prejudice is warranted. *See id.* (dismissal with prejudice proper where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"). Because Plaintiffs already filed an amended complaint and allowing further amendment appears futile based on Plaintiffs' theory of the case, the amended complaint is dismissed with prejudice.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motions to dismiss are granted. Plaintiffs' amended complaint is dismissed with prejudice for lack of subject matter jurisdiction.

A separate implementing Order will issue.

Dated: <u>December 27, 2024</u>                             <u>        /s/        </u>
                                                           Brendan A. Hurson
                                                           United States District Judge

---

[15] Defendants also move this Court to dismiss on alternative bases, including Eleventh Amendment Immunity, ECF 20-1, at 4, Sovereign Immunity, ECF 24-1, at 6, and Improper Service. ECF 20-1, at 13. Because the Court concludes that it does not possess subject matter jurisdiction over this dispute, and even if it did, Plaintiffs fail to state a claim upon which relief can be granted, it is unnecessary for the Court to address these additional alternative bases for dismissal.